ERWIN STAFFORD V. THE STATE.

No. 9682.   Delivered June 2, 1926.

**1.—Bigamy—Duress—As a Defense—Rule Stated.**

Where, on a trial for bigamy, the appellant having admitted the **second** marriage, but claimed that he was under duress of the father of the second wife, and was compelled to marry her by threats of death or serious bodily injury, it was error for the court to restrict his defense to threats of death. Our statute on duress exonerates one from punishment who does an act othewise criminal, as the result of threats to either take his life or to do him serious bodily injury.

**2.—Same—Burden of Proof—Rule Stated.**

This court has tried to impress upon trial courts the danger of telling juries that the burden of proof rests upon the accused in any matter. It is very difficult, in view of the fact that the burden of proof does not shift from the state to the accused, to make any such reference in the charge,

without trenching upon the rights of the party on trial. The trial court in this case should not have charged the jury that the burden of proving duress was upon the appellant.

Appeal from the District Court of Hunt County. Tried below before the Hon. J. M. Melson, Judge.

Appeal from a conviction for bigamy, penalty two years in the penitentiary.

The opinion states the case.

*Crosby & Estes and Morgan & Morgan* of Greenville, for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction in District Court of Hunt County of bigamy, punishment two years in the penitentiary.

A number of errors are set up as grounds for reversal, but none of them are deemed material save those herein discussed.

Appellant did not deny the fact that he married Irene Combs while he then had another lawful wife living, but predicated his defense upon what he did upon the proposition of duress, claiming that he was forced to marry Irene by the threats made by her father to take his life or do him serious bodily injury. As supporting his proposition that he would not have married her otherwise, he offered to prove the bad general reputation for chastity of said Irene, and that various persons had told him of their criminal intimacy with her and that he knew of same before he married her. Knowledge of such character as he thus sought to attribute to Irene might aid the jury in solving the question as to whether he married her voluntarily or in response to the duress claimed by him. Both by exception to the main charge and by special charge presented and refused, appellant sought to have the jury told that they should acquit him if they believed that his marriage to Irene Combs resulted from threats on the part of her father either to kill him or to inflict upon him serious bodily injury. The court, in applying the law to the facts, told the jury that if they believed H. P. Combs had threatened to kill defendant if he did not marry his daughter, and that his acts and words were calculated to intimidate a person of ordinary firmness and that they did lead appellant to believe that Combs would take his life if he did not marry Irene, and that so believing,

if he did, appellant was forced to marry her, or if they had a reasonable doubt on such issue, they should acquit appellant. Our statute on duress, in terms, exonerates one from punishment who does the act otherwise criminal as the result of threats to either take his life or do him serious bodily injury. We are constrained to believe that by the omission of a material part of said statute, to-wit: threats to do serious bodily injury, the jury may have been misled, and that in this respect the charge of the court was erroneous.

There is another matter. Our court has tried to impress upon trial courts the danger of telling juries that the burden of proof rests upon the accused in any matters. It is very difficult, in view of the fact that the burden of proof does not shift from the accused, to make any such reference in the charge without trenching upon the rights of the party on trial. In this case the court told the jury that the burden of proving guilt was upon the State, but that the burden of proving duress was upon appellant. This part of the charge was excepted to. We doubt if it should have been given, and suggest that upon another trial it be omitted.

For the errors mentioned the judgment will be reversed and the cause remanded.

*Reversed and remanded.*